WO

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Howard George Ireland,<br><br>  Plaintiff,<br><br>v.<br><br>Paul Penzone, et al.,<br><br>  Defendants. | No. CV-20-00650-PHX-SRB (ESW)<br><br>**ORDER** |

This is a civil rights action brought pro se by Arizona inmate Howard George Ireland ("Plaintiff") pursuant to 42 U.S.C. § 1983. On April 21, 2020, the Court found that Plaintiff's Complaint (Doc. 1) adequately stated Fourteenth Amendment claims against Defendant Penzone in Count One and Defendant Noggle in Count Two. (Doc. 5 at 4). Pending before the Court are Plaintiff's "Motion for Leave to Amend" (Doc. 9) and Plaintiff's lodged First Amended Complaint. Plaintiff seeks to amend the Complaint by adding a third cause of action.

Federal Rule of Civil Procedure 15(a) provides that leave to amend a pleading "shall be freely given when justice so requires." The Supreme Court has directed that "this mandate is to be heeded" by the district courts. *Forman v. Davis*, 371 U.S. 178, 182 (1962). Similarly, the Ninth Circuit Court of Appeals has articulated this liberal standard, stating that "Rule 15's policy of favoring amendments to pleadings should be applied with extreme liberality." *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1987). Although Rule 15(a) is very liberal, courts "need not grant leave to amend where

the amendment: (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in the litigation; or (4) is futile." *Amerisource Bergen Corp. v. Dialysis West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006).

An amended pleading operates as a complete substitute for the original complaint. *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1546 (9th Cir. 1990)). "All causes of action alleged in an original complaint which are not alleged in an amended complaint are waived." *Marx v. Loral Corp.*, 87 F.3d 1049, 1055-56 (9th Cir. 1996) (quoting *King v. Atiyeh*, 814 F.2d 565 (9th Cir. 1987)).

Here, Plaintiff has lodged a First Amended Complaint that improperly incorporates by reference the two counts presented in his original Complaint. The Court will deny Plaintiff's Motion (Doc. 9) without prejudice. By **September 7, 2020**, Plaintiff may file a renewed Motion for Leave to Amend and lodge a First Amended Complaint that complies with the Federal and Local Rules of Civil Procedure. This includes compliance with Local Rule 15.1, which provides that:

> A party who moves for leave to amend a pleading must attach a copy of the proposed amended pleading as an exhibit to the motion, **which must indicate in what respect it differs from the pleading which it amends, by bracketing or striking through the text to be deleted and underlining the text to be added**. The proposed amended pleading must not incorporate by reference any part of the preceding pleading, including exhibits.

LRCiv 15.1(a) (emphasis added). In addition, Plaintiff's First Amended Complaint must be completed on the required court-approved form pursuant to Local Rule 3.4. Plaintiff must indicate on the form that he is filing a First Amended Complaint.

Based on the foregoing,

**IT IS ORDERED** denying without prejudice "Motion for Leave to Amend" (Doc. 9).

**IT IS FURTHER ORDERED** directing the Clerk of Court to mail Plaintiff a court-approved form for filing a civil rights complaint by a prisoner.

**IT IS FURTHER ORDERED** that Plaintiff has until **September 7, 2020** to re-file his Motion for Leave to Amend and to lodge a proposed First Amended Complaint that complies with the Federal and Local Rules of Civil Procedure.

Dated this 5th day of August, 2020.

_____
Honorable Eileen S. Willett
United States Magistrate Judge